## EX PARTE BERLANGA.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 99.—Resuelto en marzo 18, 1904.

DOMINIO—TÍTULO ESCRITO O INSCRIBIBLE.—Aunque el artículo 395 de la Ley Hipotecaria sólo autoriza el expediente de dominio para los propietarios que carecieren de títulos de dominio *escrito,* esto debe entenderse de los que carezcan de títulos de dominio *inscribible* en el registro de la propiedad.

ID.—DOCUMENTOS PRIVADOS.—Los propietarios que sólo pudieren presentar títulos de dominio *constantes en documentos privados,* que no son susceptibles de ser inscritos en ninguna forma en el registro, por no reunir las condiciones legales, *están virtualmente comprendidos* en las disposiciones del artículo 395 de la Ley Hipotecaria y pueden inscribir sus bienes mediante la información que dicho artículo establece.

ID.—POSESIÓN PARA ADQUIRIR EL DOMINIO.—La posesión del promovente por un período de dos años, sin que conste el tiempo de posesión, ni el título de su (*) causante, no es suficiente para adquirir por prescripción el dominio de los inmuebles.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal del Distrito de Humacao a instancia de Don Rafael Berlanga y Hostos sobre acreditar el dominio de una finca rústica, pendientes ante nos a virtud del recurso de apelación, interpuesto por la representación del promovente, contra la sentencia dictada por el referido Tribunal de Distrito, que copiada a la letra dice así:

"*Sentencia.* En la ciudad de Humacao a 25 de agosto de 1903, visto este expediente promovido por Don Rafael Berlanga Hostos, mayor de edad, casado y de esta vecindad, sobre declaratoria de dominio de varias fincas rústicas.

"1. *Resultando:* que en 5 de enero último el Licenciado Don Juan F. Vías, en representación de Don Rafael Berlanga Hostos, presentó

escrito a este tribunal solicitando que se declare a favor de su representado el dominio de una finca rústica sita en el barrio de Río Abajo de este término municipal, compuesta de 14 cuerdas de terreno llano, dedicadas a la siembra de palmas de coco y otros frutos menores, en colindancia por el Norte, con tierras de Don Juan José Sánchez, por el Sud, con terrenos del propio compareciente Sr. Berlanga, por el Este, con la zona marítima y por el Oeste, con terrenos de Don Juan Bertrán, cuya finca la adquirió por compra que de ella hizo a Doña Pilar Torres y Díaz, quien a su vez la adquirió por herencia de su padre, efectuándose el ameritado contrato de compraventa mediante documento privado que fué suscrito y autorizado el día 31 de diciembre último por ante el Notario Sr. Vías, y para justificar los hechos expuestos, presentó el referido documento privado, proponiendo que los testigos Don Augustín Pastrana y Don Juan José Sánchez, que aparecen firmando el documento, declaren a tenor de los mismos, debiendo reconocer, a la presencia judicial, sus respectivas firmas.

''2. *Resultando:* que por providencia de 5 de enero último se dió traslado de dicho escrito al Ministerio Fiscal, se mandó citar a Doña Pilar Torres y a los propietarios colindantes, se declararon pertinentes las pruebas propuestas y se ordenó convocar por medio de edictos, que se fijarían en los parajes públicos de esta ciudad, y se (*) insertarían en el periódico *The Puerto Rico Sun*, a las personas ignoradas a quienes pudiera perjudicar la inscripción de la finca, para que dentro de 60 días naturales comparecieran a alegar su derecho.

''3. *Resultando:* que fueron citados los colindantes y la anterior dueña y declararon los testigos Don Augustín Pastrana y Don Juan José Sánchez, manifestando que les constaba que Don Rafael Berlanga Hostos es dueño en pleno dominio de la finca referida, la cual adquirió por compra hecha a Doña Pilar Torres, mediante documento privado otorgado el 30 de diciembre del año pasado, reconociendo como suyas las firmas puestas al pie del mismo, con sus nombres y apellidos

''4. *Resultando:* que en el periódico *La Democracia* fueron publicados los edictos, y pasado este expediente al Ministerio Fiscal se opuso a su aprobación porque no existe en los autos certificación alguna del Tesorero de Puerto Rico, creditiva de que el promovente satisfaga la contribución del inmueble o de que el anterior dueño la satisfacía.

''5. *Resultando:* que en la tramitación de este expediente se han observado las prescripciones legales. Siendo ponente el Sr. Juez Asociado Don Charles E. Foote.

"1. *Considerando:* que el artículo 395 de la Ley Hipotecaria establece el expediente de dominio, no para los que no tengan título escrito bastante a los efectos del registro de la propiedad, como el que presenta el promovente, sino para los que carezcan de título escrito.

"*Fallamos:* declarando no haber lugar a aprobar este expediente con la declaración de dominio solicitada. Así por esta nuestra sentencia definitivamente juzgando lo pronunciamos, mandamos y firmamos: Salvador Fulladosa, Ramón Quiñones, Charles E. Foote."

*Resultando:* que contra esta sentencia interpuso apelación la representación del promovente, y admitido el recurso libremente, y en ambos efectos, se elevaron los autos a esta Superioridad, con citación y emplazamiento de las partes, y que personado el apelante, y sustanciado en forma el recurso, se (*) señaló día para la vista, con citación de las partes, a cuyo acto sólo asistió el Señor Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Vías.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando:* que si bien el artículo 395 de la Ley Hipotecaria de esta Isla sólo autoriza el expediente de dominio para los propietarios que carecieren de ·título de dominio escrito, esto debe entenderse de los propietarios que carezcan de títulos de dominio inscribibles en el registro de la propiedad; y encontrándose en este caso los propietarios que sólo puedan presentar títulos de dominio constantes en documentos privados que no son susceptibles de ser inscritos en ninguna forma en el registro, por no reunir las condiciones que para ello exige el artículo 3 de la Ley Hipotecaria, es evidente que esos propietarios están virtualmente comprendidos en el artículo 395 de la citada ley, y debe permitírseles

inscribir sus bienes mediante la información judicial que el mismo artículo establece.

*Considerando:* que esto no obstante, en el presente caso no es posible acceder a la declaratoria de dominio solicitada por el promovente Don Rafael Berlanga y Hostos, por no haberlo acreditado en ninguna forma, toda vez que sólo acredita estar en posesión de los terrenos que reclama como de su propiedad hace el espacio de dos años, que no es tiempo suficiente para adquirir por prescripción el dominio de los bienes inmuebles, y que tampoco ha acreditado en ninguna forma el tiempo de posesión que llevara su causante, ni el título en virtud del cual lo hubiera adquirido a su vez de sus predecesores.(*)

*Vistos* los artículos citados de la Ley Hipotecaria y los del nuevo Código Civil aplicables al caso.

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada, en cuanto por ella se declara no haber lugar a aprobar este expediente con la declaración de dominio solicitada, con las costas de esta segunda instancia a cargo del apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.